UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ADAM EMBERSON and KRISTIN EMBERSON, On Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFFS<br><br>v.<br><br>MEDTRONIC, INC.,<br>STERIS CORPORATION,<br>STERIGENICS INTERNATIONAL, LLC,<br>UPS SUPPLY CHAIN SOLUTIONS, INC.,<br>and<br>UKNOWN DEFENDANTS,<br><br>DEFENDANTS | CIVIL ACTION NO. 3:16-CV-805-TBR<br><br>ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

Defendants Medtronic, Inc., Steris Corporation, and Sterigenics International, LLC (collectively "Defendants"), give notice pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 of their removal to this Court of the action commenced against them in Jefferson Circuit Court in the Commonwealth of Kentucky, styled *Adam Emberson, et al. v. Medtronic, Inc., et al.*, No. 16-CI-5594.[1] [**Exhibit 1**, Complaint.] Removal is proper based on diversity jurisdiction and pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

**This Court Has Original Jurisdiction Based On Traditional Diversity Jurisdiction.**

1.     Plaintiffs Adam Emberson and Kristin Emberson have filed a putative class action complaint against Defendants asserting their individual claims for negligence, failure to warn, and product liability, and asserting claims for negligent infliction of emotional distress,

---

[1] UPS Supply Chain Solutions, Inc. consents to this removal, [*see* **Exhibit 2**, UPS Consent] but its consent is unnecessary because it is a fraudulently joined party. [*See infra* ¶ 5.]

intentional infliction of emotional distress, and outrage on behalf of themselves and a class of all others whom they claim to be similarly situated.  Plaintiffs also seek an award of punitive damages in connection with their claims.

2. This Court has original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

3. Plaintiffs allege in their complaint that they are citizens of Kentucky. [Compl. ¶ 1.]

4. Plaintiffs correctly allege that Medtronic, Steris, and Sterigenics are foreign companies with principal places of business outside of Kentucky. [Compl. ¶¶ 4–6.]

5. Plaintiffs incorrectly allege that UPS Supply Chain Solutions, Inc. has its principal place of business in Kentucky. [*Id.* ¶ 7.]  In fact, it is incorporated in Delaware and has its principal place of business in Georgia.

6. Accordingly, there is complete diversity among the parties.

7. A fair reading of the complaint reveals that it is more likely than not that the amount in controversy on Plaintiffs' individual claims exceeds $75,000. *See Hunt v. Walter A. Smith Enters.*, No. 5:14-cv-16, 2014 U.S. Dist. LEXIS 32414, at *3 (W.D. Ky. Mar. 12, 2014).

8. Mr. Emberson asserts claims against Medtronic, Steris, and Sterigenics in all six counts in the complaint.  Mr. Emberson claims that Medtronic, Steris, and Sterigenics knew that exposure to ethylene oxide (EtO) was harmful and that they nevertheless failed to prevent exposure or warn of its harmful effects, that he was exposed to EtO, and that his exposure necessitated medical treatment, causing him to incur medical expenses.  He claims in his complaint that the damages he seeks for Counts IV, V, and VI (the emotional distress claims) collectively do not exceed $75,000. [Compl. ¶ 53.]  The plain effect of this disclaimer is that Mr. Emberson is seeking damages up to *and including* $75,000 for Counts IV, V, and VI.  Thus, if

the *total* amount in controversy for Counts I (negligence), II (failure to warn), and III (product liability) is greater than $0.01, this Court has jurisdiction. Based on the nature of these claims, including Mr. Emberson's express allegation that he has incurred medical expenses, it is evident that the amount in controversy under Counts I–III exceeds the $0.01 needed to create diversity jurisdiction when added to the $75,000 placed in controversy by Counts IV–VI. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571–73 (6th Cir. 2001) (holding that the extensive nature of the relief sought in the complaint, including punitive damages, satisfied the amount in controversy requirement despite the absence of a specified amount of damages in the complaint); *Baumgardt v. Woods*, 2008 U.S. Dist. LEXIS 46262, at *5–6 (W.D. Ky. June 12, 2008) (holding that a complaint seeking damages for past and future medical expenses, lost wages, destruction of earning capacity, pain and suffering, inconvenience, permanent injury, and additional relief under an insurance policy placed a sufficient amount in controversy based on "the nature of these multiple claims").

9.     Moreover, Mr. Emberson seeks punitive damages. [Compl. p.11.] Punitive damages are available in tort actions in Kentucky, and, while Defendants dispute that Plaintiffs are entitled to any relief of any kind, the demand for punitive damages should be considered when calculating the amount in controversy. *Brown v. Paducah & Louisville Ry., Inc.*, 2013 WL 5273773, 2013 U.S. Dist. LEXIS 132608, at *12 (W.D. Ky. Sept. 17, 2013).

10.    Although Mrs. Emberson is not expressly identified as an injured plaintiff in any of the Counts set forth in the complaint, Plaintiffs allege that she is entitled to recover actual and punitive damages for loss of consortium, and they limit her individual damages for Counts IV–VI to $75,000. [Compl. ¶¶ 50–51, 53.] Thus, the same analysis concerning damages sought by Mr. Emberson applies to Mrs. Emberson, and it is evident that her individual claims place more

than $75,000 in controversy.  Additionally, the claims asserted by Mrs. Emberson are related to Mr. Emberson's claims such that they form part of the same Article III case or controversy. Accordingly, this Court would have supplemental jurisdiction over the state law claims asserted by Mrs. Emberson even if she were claiming $75,000 or less in damages.  28 U.S.C. § 1367(a); *see also Exxon Mobil Corp. v. Allatpattah Servs.*, 545 U.S. 546, 558–59 (2005).

### This Court Has Original Jurisdiction Based On CAFA.

11. This Court has original jurisdiction over any class action in which: (a) the class contains at least 100 members; (b) any class member is a citizen of a different state than any defendant; and (c) the amount in controversy, in the aggregate, exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (d)(5), (d)(6).  All of these criteria are satisfied here.

12. While Defendants dispute that any class could be certified here, the Embersons' complaint was filed as a class action, as defined in 28 U.S.C. § 1332(d)(1)(B).

13. Plaintiffs expressly allege their belief that there are more than 100 class members, as required by 28 U.S.C. § 1332(d)(5)(B). [Compl. ¶ 58.]

14. The named plaintiffs are citizens of Kentucky. [Compl. ¶ 1.]  Plaintiffs correctly allege that Medtronic, Steris, and Sterigenics are citizens of other states. [*Id*. ¶¶ 4–7.]  For example, Medtronic is a Minnesota corporation with its principal place of business in Minnesota. Accordingly, minimal diversity of citizenship exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

15. Based on the allegation that there are more than 100 class members, and the nature of the claims and relief sought, it is apparent that the amount placed in controversy by the Embersons' complaint exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2). Plaintiffs seek compensatory damages for harm allegedly suffered by putative class members who were employed at UPS Supply Chain Solutions' facility, compensatory damages for spouses

of those individuals, and punitive damages for the employees and their spouses. [*See* Compl. p.11, Prayer for Relief.]  The amount in controversy requirement is satisfied if it appears "more likely than not" that the amount in controversy exceeds $5 million.  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 91–97 (2010).  The amount in controversy may be determined based upon a "fair reading of [the] complaint."  *Hayes*, 266 F.3d at 573.  In addition to the substantive claims themselves, Plaintiffs' demands for punitive damages must be considered in determining the amount in controversy.  *See Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (holding that availability of punitive damages must be considered in making the jurisdictional analysis unless it appears to a legal certainty that they could not be recovered).

16. The nature of Plaintiffs' claims, which are asserted against three separate defendants, and the size of the alleged class demonstrate that the amount in controversy requirement is satisfied. As noted above, the complaint states that the individual damages for the purported class action claims, Counts IV, V, and VI, do not exceed $75,000.  It stands to reason that Plaintiffs thus would seek up to and including $75,000 for these claims for both their individual claims and the claims brought on behalf of the putative class.  Multiplying that number by the number of alleged class members – which Plaintiffs claims is "expected to exceed one hundred workers" [Compl. ¶ 58] – would produce claimed damages greater than $5 million in the aggregate.  This is before accounting for punitive damages, which again should be considered in evaluating these common law tort claims. *Brown*, 2013 U.S. Dist. LEXIS 132608, at *12.[2]  Additionally, prior to

---

[2] The complaint expressly alleges that putative class claims are being asserted solely in connection with Counts IV, V, and VI. [Compl. ¶ 56.] Despite this limitation, Counts I–III also include allegations concerning alleged injuries to "others similarly situated." [*Id.* ¶¶ 28, 31, 34–35, 37–38, and 49.] As the amount in controversy requirement is satisfied both under traditional diversity and CAFA even if the class allegations are indeed limited to Counts IV–VI, it is unnecessary to address the potential effect of including Counts I–III on the amount in controversy, but if Plaintiffs do, in fact, seek to certify a class to address Counts I–III, the value of those claims would be included, and the amount in controversy would be greater.

certification, Plaintiffs cannot stipulate to any limitation of damages for any putative class members. *Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348–50 (2013). Thus, the aggregate amount in controversy, based solely on the nature of the claims asserted and Plaintiffs' own allegations and without regard to the ultimate merit of those claims, would be greater than the sample calculations above which are made using Plaintiffs' ineffective stipulation to limit damages for anyone other than themselves.

17. To be clear, Defendants do not believe that Plaintiffs can obtain certification of any class and dispute Plaintiffs' claim to relief of any kind. But, a defendant is not required to effectively confess liability or show that a plaintiff is likely to recover a certain amount to remove a case under CAFA—only to show what the stakes of the litigation are based on what the plaintiff claims. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).[3] Indeed, even if it is likely that the plaintiff will lose, that fact alone does not change the amount placed in controversy by his complaint. *See id.* at 448–49.

18. In sum, the nature of the claims asserted and damages alleged establish that the aggregate amount in controversy exceeds $5 million regardless of whether Plaintiffs' claims have any merit (which they do not). *See Hayes*, 266 F.3d at 571–73 (holding that the extensive nature of the relief sought in the complaint, including punitive damages, satisfied the amount in controversy requirement despite the absence of a specified amount of damages in the complaint); *Baumgardt*, 2008 U.S. Dist. LEXIS at *5–6 (holding that a complaint seeking damages for past and future medical expenses, lost wages, destruction of earning capacity, pain and suffering, inconvenience, permanent injury, and additional relief under an insurance policy placed a sufficient amount in controversy based on "the nature of these multiple claims").

---

[3] In *Brill*, the court suggested that the putative class action plaintiffs might have avoided CAFA jurisdiction by disclaiming any aggregate recovery greater than $5 million, 427 F.3d at 449, but *Standard Fire* has since held that such disclaimers are ineffective. 133 S. Ct. at 1348–50.

19.     Based on the foregoing, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**Removal is Proper Based on Traditional Diversity Jurisdiction or CAFA.**

20.     "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21.     There is no Act of Congress prohibiting or otherwise preventing Defendants from removing the Embersons' complaint to federal court.

22.     This Court is the proper venue for this action under 28 U.S.C. § 1441(a), as the state court action is pending in Jefferson County, Kentucky, and the United States District Court for the Western District of Kentucky, Louisville Division, is the United States District Court embracing the place where the state court action is pending.

23.     This notice is being filed within thirty days of service of the complaint upon Defendants. 28 U.S.C. § 1446(b)(3).

24.     All Defendants consent to removal, and Medtronic, Steris, and Sterigenics jointly file this notice, satisfying the requirement for diversity jurisdiction. 28 U.S.C. § 1446(b). Even if all Defendants had not joined in this removal, with respect to CAFA jurisdiction, only one defendant needs to remove, and there is no need to obtain consent from any other defendant. 28 U.S.C. § 1453(b).

25.     By filing this notice, Defendants do not waive any defenses, objections, or motions available under state or federal law or rules of procedure. Defendants expressly reserve the right to move to dismiss some or all of Plaintiffs' claims for the following non-exhaustive list of

reasons: failure to state a claim upon which relief can be granted, lack of personal jurisdiction, improper venue, improper service, the doctrine of forum non conveniens, or any other applicable ground.

26. There are no other temporal or procedural bars to removal.

27. Defendants are filing a removal notice with the Clerk of the Jefferson Circuit Court and will serve written notice upon all counsel of record in that action.

28. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all process, pleadings, and orders served on them in the state court action.

WHEREFORE, Defendants respectfully request that the Court assume jurisdiction over this action.

Respectfully submitted,

| | |
|---|---|
| */s/ Carol Dan Browning* | */s/ Neal Krokosky* (with permission) |
| Carol Dan Browning (cbrowning@stites.com) | John Walters (john@wmrdefense.com) |
| Chadwick A. McTighe (cmctighe@stites.com) | Neal Schall Krokosky (neal@wmrdefense.com) |
| Timothy D. Thompson (tthompson@stites.com) | WALTERS MEADOWS RICHARDS PLLC |
| STITES & HARBISON, PLLC | 771 Corporate Dr., #900 |
| 400 West Market Street | Lexington, KY  40503 |
| Suite 1800 | Telephone: (502) 785-9090 |
| Louisville, KY  40202-3352 | |
| Telephone: (502) 587-3400 | *and* |
| Facsimile:  (502) 587-6391 | |
| *Counsel for Medtronic, Inc.* | Brett Godfrey (godfrey@gojolaw.com) (*pro hac vice* admission will be sought from the U.S. District Court) |
| | GODFREY JOHNSON P.C. |
| | 9557 S. Kingston Ct. |
| | Englewood, CO |
| | Telephone: (303) 228-0700 |
| | *Counsel for Sterigenics International, LLC* |

*/s/ Judd Uhl* (with permission)
Judd Uhl (judd.uhl@lewisbrisbois.com)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
909 Wright Summit Parkway
Suite 230
Fort Wright, KY  41011
Telephone: (859) 663-9831
Facsimile:  (859) 663-9829
*Counsel for Steris Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Notice of Removal was electronically filed using the ECF System, and I hereby certify that a true and accurate copy of the foregoing was served via United States First Class Mail on this 15th day of December, 2016 upon:

| | |
|---|---|
| A. Neal Harrington<br>Christopher H. Morris<br>HARGADON, LENIHAN & HERRINGTON, PLLC<br>713 West Main Street<br>Louisville, KY  40202<br>*Counsel for Adam Emberson* | Charles E. Fell<br>FELL LAW OFFICE<br>6010 Brownsboro Park Boulevard<br>Suite G<br>Louisville, KY  40207<br>*Counsel for Kristin Emberson* |
| John Walters<br>Neal Schall Krokosky<br>WALTERS MEADOWS RICHARDS PLLC<br>771 Corporate Dr., #900<br>Lexington, KY  40503<br>*Counsel for Sterigenics International, LLC* | Brett Godfrey<br>Karen Porter<br>GODFREY JOHNSON P.C.<br>9557 S. Kingston Ct.<br>Englewood, CO<br>*Counsel for Sterigenics International, LLC* |
| Judd Uhl<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>909 Wright Summit Parkway<br>Suite 230<br>Fort Wright, KY  41011<br>*Counsel for Steris Corporation* | Christopher G. Johnson<br>FROST BROWN TODD LLC<br>400 West Market Street<br>Suite 3200<br>Louisville, KY 40202-3352<br>*Counsel for UPS Supply Chain Solutions, Inc.* |

                                                */s/ Carol Dan Browning*          
                                                Counsel for Medtronic, Inc.

1125070:6:LOUISVILLE