**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY**

Civil Action No.: 3:16-cv-805-TBR

ADAM EMBERSON and KRISTIN EMBERSON,
On Behalf of Themselves and All Others Similarly Situated,

        Plaintiff,

v.

MEDTRONIC, INC.,
STERIS CORPORATION,
STERIGENICS INTERNATIONAL, LLC,
UPS SUPPLY CHAIN SOLUTIONS, INC., and
UKNOWN DEFENDANTS,

        Defendants.

**JOINT MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO PROSECUTE**

Comes now the Defendants, Sterigenics International, LLC and Medtronic, Inc. (collectively, "Defendants"), through counsel, and for their Motion to Dismiss with Prejudice for Failure to Prosecute brought pursuant to Fed. R. Civ. P. 41(b), hereby state as follows:

### I. PROCEDURAL HISTORY

This matter originated in state court and was then removed to federal court on December 15, 2016. Litigation ensued, but the Plaintiffs made no effort to pursue or prosecute their claims. On May 1, 2017, Plaintiffs' counsel moved to withdraw as a result of a communication breakdown with the Plaintiffs. (Docket #21). The Court granted Plaintiff's counsels' request to withdraw and ordered Plaintiffs to secure new counsel within 45 days of the date of the order ("Order"). (Docket #23). In the same Order, the Court set a telephonic status conference for July 25, 2017 and ordered Plaintiffs or their new counsel to appear on that call. The Order was

mailed to the Plaintiffs' home address, and there is no evidence in the clerk's record of a failed delivery. Notwithstanding the Order and explicit directions therein for Plaintiffs or new counsel to appear at the status conference, Plaintiffs failed to appear. The Court thereafter issued a show cause order regarding Plaintiffs failure to appear for the telephonic conference, and ordered a telephonic show cause hearing that is presently set for August 17, 2017. (Docket #24).

## II.  ARGUMENT

Federal courts have an immemorial, inherent authority to dismiss an action with prejudice for failure to prosecute. *See Link v. Wabash R. Co.,* 370 U.S. 626, 629 (1962).

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in court to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* at 631.

A court's power to dismiss an action is further codified in Fed.R.Civ.P. 41(b), which enables a court to enter a dismissal with prejudice, *sua sponte* or on motion of a defendant, based on a plaintiff's failure to prosecute or failure to comply with a court order or the federal or local rules. Fed.R.Civ.P. 41(b); *see Link v. Wabash R. Co.,* 370 U.S. 626, 629-632 (1962). Such a dismissal is warranted when there is a clear record of contumacious conduct by Plaintiff. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

The Sixth Circuit has instructed district courts to weigh the following four factors when determining whether a dismissal with prejudice for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;

>  (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
>  (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
>  (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id; Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 313-314 (6th Cir. 2015) *Wu v. T W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

A Court may dismiss an action for failure to prosecute even if some of the factors set forth above weigh against dismissal. *See Prime Finish*, 608 F. App'x at 315. "[S]ufficiently contumacious conduct may justify dismissal even in the absence of the other three factors." *Id.*

### A. *Plaintiffs Failures Were Due to Willfulness, Bad Faith or Fault*

A plaintiff's failures are "due to willfulness, bad faith or fault" when there is a "clear record of delay" or plaintiff demonstrates "a reckless disregard for the effect of his conduct." *Carpenter*, 723 F.3d at 704-705. For example, in *Rogers v. City of Warren*, 302 Fed. Appx. 371, 377 (6th Cir. 2008), the Sixth Circuit upheld a dismissal with prejudice for failure to prosecute after the plaintiff failed to appear at two court-ordered conferences, and failed to explain his absence. The *Rogers* Court held that plaintiff's "apparent inability to keep his counsel informed of his whereabouts and contact information demonstrates a reckless disregard for the effect that his conduct would have on the underlying case."

In the instant matter, this Court has recognized that Plaintiffs have failed to communicate with their legal counsel and that such failure warranted the withdraw of that counsel from representation in this matter. (Docket #21). Thereafter, Plaintiffs failed to comply with this Court's Order (Docket #23) by failing to secure new counsel within 45 days of the withdrawal of

3

their previous counsel *and* by failing to appear at the July 25, 2017 court-ordered status conference. Furthermore, Plaintiffs have offered no explanation for these failures. In light of these failures, Defendants anticipate that the Plaintiffs will fail to appear once again at the telephonic show cause hearing scheduled for August 17, 2017. (Docket #24).

This Court has given Plaintiffs ample notice in its order dated July 28, 2017 (Docket #24) that "[f]ailure of plaintiffs to be present at the August 17, 2017 phone call will result in a dismissal of the action." Thus, if Plaintiffs fail to appear at the upcoming telephonic conference, their actions are clearly due to willfulness, bad faith or fault, and this action should be dismissed with prejudice. Even now, Plaintiffs' conduct, in disregarding the orders of this Court and abandoning prosecution of this action, is sufficiently contumacious to warrant dismissal with prejudice even in the absence of the other three factors discussed below. *See e.g. Pepin v. Larchwood Healthcare Group, Inc.*, 2012 WL 253328, at *2 (N.D. Ohio 2012); *Jarnigan v. Steele*, 2011 WL 4437153, at *3 (M.D.Tenn.2011); *Williams v. Santiago*, 2009 WL 2886051, at *3 (E.D.Mich.2009); *Eagles Nest Ranch & Academy v. Bloom Tp. Bd. of Trustees*, 2007 WL 2359763 (S.D .Ohio 2007); *R.T. ex rel. Harris v. Cincinnati Public Schools*, 2006 WL 1476199, at *1–2 (S.D.Ohio 2006); *See also Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) (A party's failure to act in the face of a prior warning from the court that the case would be dismissed is a powerful indication of willful noncompliance.)

### B.  *Defendants Have Been Prejudiced by Plaintiffs' Conduct*

"A defendant is prejudiced by a plaintiff's conduct where the defendant 'wasted time, money, and effort in pursuit of cooperation which plaintiff was legally obligated to provide.'" *Rogers,* 302 F. App'x at 377-378 *quoting Shafer v. City of Defiance Police Department*, 529

4

F.3d 731, 737 (6th Cir. 2008) For example, in *Rogers*, the district court held that a defendant was prejudiced because "its counsel was present and fully prepared to proceed" at each court-ordered conference while plaintiff failed to appear. *Id.* at 378.

In the instant matter, Defendants have been required to expend significant time and resources in preparing their defenses to Plaintiff's claims, which claims Plaintiffs now appear to have abandoned. Furthermore, Defendants stand ready to defend this matter and have appeared as ordered by this Court. Thus, Defendants have been prejudiced by Plaintiffs' dilatory conduct, and this matter should be dismissed with prejudice.

### C. Plaintiffs Have Been Warned That Failure to Appear Will Result in Dismissal

A district court must provide notice to a plaintiff that failure to cooperate could lead to dismissal. *See Carpenter*, 723 F.3d at 708. As noted above, this Court's order of July 28, 2017 (Docket # 24) put Plaintiffs on notice that "failure . . . to be present on the August 17, 2017 phone call will result in a dismissal of the action." Thus, Plaintiffs have received the necessary notice, and failure to appear should result in a dismissal with prejudice.

### D. Plaintiffs' Actions Preclude Less Drastic Sanctions

A dismissal with prejudice is warranted when a plaintiff fails to prosecute and "no alternative sanction would protect the integrity of the pretrial process." *Id.* at 709 *quoting Wu*, 420 F.3d at 664. As Plaintiffs have failed to communicate with their previous counsel, warranting counsel's withdrawal, and thereafter have failed to obtain new counsel, as ordered by this Court, or appear at a Court-ordered status conference, Plaintiffs appear to have entirely abandoned the prosecution of this action. In such extreme cases, "a district court . . . has the power to dismiss with prejudice as the first and only sanction . . . ." *Id.*

### III. CONCLUSION

Plaintiffs' conduct, as set forth above, is sufficiently contumacious to warrant the dismissal of this action with prejudice either before the telephonic show cause hearing or, as a result of a failure by Plaintiffs to appear for that hearing.

WHEREFORE, based on the foregoing, Defendants Sterigenics International, LLC and Medtronic, Inc. respectfully request that this Court dismiss this action with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Respectfully submitted this 15th day of August, 2017.

| | |
|---|---|
| GODFREY \| JOHNSON, P.C. | STITES & HARBISON, PLLC |
| /s Brett M. Godfrey | /s Carol Dan Browning |
| Brett M. Godfrey | Carol Dan Browning |
| 9557 S. Kingston Court | Chadwick A. McTighe |
| Englewood, Colorado 80112 | Timothy D. Thompson |
| Phone: (303) 228-0700 | 400 West Market Street |
| Fax: (303) 228-0701 | Suite 1800 |
| Email: godfrey@gojolaw.com | Louisville, KY  40202-3352 |
| *Counsel for Sterigenics International, LLC* | Telephone: (502) 587-3400 |
| | *Counsel for Medtronic, Inc.* |

/s John W. Walters
John W. Walters (john@wrmdefense.com)
Neal S. Krokosky (neal@wrmdefense.com
WALTERS MEADOWS RICHARDSON
771 Corporate Drive, #900
Lexington, KY 40503
Phone: (502) 785-9090
*Counsel for Sterigenics International, LLC*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

A. Neal Harrington
Christopher H. Morris
HARGADON, LENIHAN & HERRINGTON, PLLC
713 West Main Street
Louisville, KY  40202
*Counsel for Adam Emberson*

Charles E. Fell
6010 Brownsboro Park Boulevard
Suite G
Louisville, KY  40207
*Counsel for Kristin Emberson*

Christopher G. Johnson
FROST BROWN TODD LLC
400 West Market Street
Suite 3200
Louisville, KY 40202-3352
*Counsel for UPS Supply Chain Solutions, Inc.*

Judd Uhl
LEWIS BRISBOIS BISGAARD & SMITH, LLP
909 Wright Summit Parkway
Suite 230
Fort Wright, KY 41011
*Counsel for Steris Corporation*

/s Brett M. Godfrey
Brett M. Godfrey
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: godfrey@gojolaw.com