

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| James J. Vilt, Jr., Clerk of Court<br>502.625.3508 | Gene Snyder Courthouse<br>601 W. Broadway<br>Louisville, Kentucky, 40202 |

August 20, 2021

Mr. Adam Emberson
4736 Glenrose Road
Louisville, KY 40229

Mrs. Kristin Emberson
4736 Glenrose Road
Louisville, KY 40229

Carol D. Browning
Stites & Harbison, PLLC - Louisville
400 W. Market Street, Suite 1800
Louisville, KY 40202-3352

Judd R. Uhl
Lewis Brisbois Bisgaard & Smith, LLP - Cincinnati
250 E. Fifth Street, Suite 2000
Cincinnati, OH 45202

Brett M. Godfrey
Godfrey|Johnson,PC
9557 S. Kingston Court
Englewood, CO 80112

Joshua K. Smith
Reddick Moss PLLC
One Information Way, Suite 105
Little Rock, AR 72202

Kevin N. Fowler
Frost Brown Todd LLC - Louisville
400 W. Market Street, 32nd Floor
Louisville, KY 40202-3363

                In Re:  Emberson v. Medtronic, Inc., et al (3:16-cv-805)

Dear Mr. and Mrs. Emberson and Counsel:

I have been contacted by Judge Thomas B. Russell who presided over the above-referenced case. Judge Russell has informed me that it has been brought to his attention that while he presided over this case, he owned stock in Medtronic, Inc.

This stock was purchased in the context of Judge Russell's participation in an investment club partnership and, unbeknownst to Judge Russell, was inadvertently not included in the Clerk's Office's conflict screening software at the time this matter was assigned to him. As you are aware, the only substantive ruling Judge Russell made in this action was to grant, without prejudice, the defendants' joint motion to dismiss for failure to prosecution following a show cause hearing at which the plaintiff failed to appear.

While Judge Russell's ownership of stock neither affected nor impacted his decisions in this case, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Russell directed me to notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Russell's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 20, 2021. Any response will be considered by the Chief Judge of this court without the participation of Judge Russell.

Sincerely,

/s/ *James J. Vilt, Jr.*

James J. Vilt, Jr.
Clerk of Court